UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FORREST E. YETMAN, | Case No. 1:08-cv-1130 |
| Plaintiff, | Chief Judge Paul L. Maloney |
| v. | |
| CSX TRANSPORTATION, INC., | |
| Defendant. | |

## Order

### Conditionally Granting Plaintiff's 2nd Motion for Voluntary Dismissal without Prejudice

On October 15, 2008, Forrest E. Yetman ("Yetman") filed the instant complaint in the United States District Court for the Eastern District of Michigan against CSX Transportation, Inc. ("CSX"), which waived service and filed an answer and affirmative defenses on December 12, 2008. On December 2, 2008, pursuant to a joint stipulation of the parties, the Eastern District transferred the case to this district. By order of this court, CSX filed a corporate disclosure statement on December 22, 2008.

On December 23, 2008, Yetman filed a motion to voluntarily dismiss his complaint. The motion, however, failed to describe Yetman's efforts to obtain concurrence from opposing counsel as required by Local Civil Rule 7.1(d). Because "a failure to follow Local Rule 7.1(d) 'provides a sufficient basis in itself' to deny a motion", *Krygoski Const. Co. v. City of Menominee*, 2006 WL 2092412, *2 (W.D. Mich. July 26, 2006) (r). Allan Edgar, J.) (quoting *Woodhull v. Kent Cty.*, 2006 WL 708662, *1 (W.D. Mich. Mar. 21, 2006) (Miles, J.)), this court denied Yetman's motion without

prejudice.  *See Aslani v. Sparrow Health Sys.*, 2008 WL 4642617 (W.D. Mich. Oct. 20, 2008) (Maloney, C.J.); *Kim v. USDOL*, 2007 WL 4284893, *1 (W.D. Mich. Dec. 4, 2007) (Brenneman, M.J.) ("[T]he court properly denied plaintiff's motion for judgment on the pleadings because he failed to seek concurrence under . . . W.D. MICH. LCIVR 7.1(d), and the motion was premature.").

On December 29, 2008, Yetman filed a renewed motion to voluntarily dismiss his complaint, this time in compliance with the local civil rule regarding consultation with opposing counsel.  For the reasons that follow, the court will offer Yetman a conditional grant of his motion.

"Traditionally, a plaintiff . . . had an unqualified right, upon payment of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. West Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947) (citing *Pleasants v. Fant*, 89 U.S. (22 Wall.) 116, 122 (1874) and *Jones v. SEC*, 298 U.S. 1, 19 (1936) (Sutherland, J.)).  Federal Rule of Civil Procedure 41(a)(1) "preserves this unqualified right of the plaintiff to a dismissal without prejudice *prior to the filing of defendant's answer.*" *Cone*, 330 U.S. at 217 (emphasis added).  S*ee* FED. R. CIV. P. 41(a)(1)(A):

> (a)   **Voluntary Dismissal**
>
>> (1)  *By the Plaintiff*
>>
>>> (A)   *Without a Court Order.*  Subject to Rules 23(e), 23.1(c), 23.2 [governing class actions], and 66 [governing receivers], and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>>>
>>>> (I)   a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>>>>
>>>> (ii)  a stipulation of dismissal signed by all parties who have appeared.

Boldface and italics in original.  *See, e.g., Logue v. Nissan North America, Inc.*, 2008 WL 2987184

(W.D. Tenn. July 30, 2008) (where defendant had filed only a motion to dismiss, not an answer or a motion for summary judgment, the plaintiff still had the right under Rule 41(a)(1) to voluntarily dismiss the complaint without court order or leave of opposing counsel); *Rouse v. Caruso*, 2007 WL 909600 (E.D. Mich. Mar. 23, 2007) (same).

Here, however, CSX filed an answer on December 12, 2008, eleven days before Yetman filed his motion for voluntary dismissal of the complaint. Once CSX filed its answer, Yetman's motion for voluntary dismissal was governed no longer by Rule 41(a)(1) but by Rule 41(a)(2), Voluntary Dismissal- By Court Order. The latter provides, in pertinent part, "Except as provided in Rule 41(a)(1), an action may be dismissed at plaintiff's request only by court order, on terms that the court considers proper." *See Albright v. Upjohn Co.*, 788 F.2d 1217, 1222 (6th Cir. 1986) (Ralph B. Guy, J., dissenting o.g.) ("Rule 41(a) provides that after a party has filed either an answer or a motion for summary judgment a plaintiff may not dismiss as to that party without order of the court or by stipulation with [sic] all parties who have appeared.").

**The court determines that it would be inequitable to saddle CSX with the attorneys fees and other costs that it has incurred in defending this action. The court has discretion to condition this dismissal on Yetman's immediate payment of Yetman's expenses in this action.** *See, e.g., Moore v. Irving Materials, Inc.*, 2007 WL 3024058 (W.D. Ky. Oct. 15, 2007) (Joseph H. McKinley, Jr., J.) (granting plaintiff's motion for voluntary dismissal of complaint without prejudice pursuant to Rule 41(a)(2), but stating, "To the extent that [defendant] alleges that [he] has invested considerable time, effort, and expense, unique to the action before this Court, the Court will consider allowing Hanson to recover for such following submission of evidence of these amounts.").**[1]**

---

[1]

*Cf. Even-Cut Abrasive Band & Equip. Corp. v. Cleveland Container Co.*, 173 F.3d 873, 877

The court also has discretion, however, to fashion a less harsh remedy that still adequately protects the rights and interests of the defendant. *See Bridgeport Music v. Universal Music-MCA Music Pub.*, 481 F.3d 926, 931 (6th Cir. 2007) (Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'") (quoting FED. R. CIV. P. 41(a)(2)). And "Rule 41(a)(2) does not always require the imposition of costs as a condition to a voluntary dismissal . . . ." *Camacho-Albert v. Mendez & Co., Inc.*, – F. Supp.2d –, –, 2008 WL 5207000, *3 (D.P.R. Oct. 30, 2008) (citing *P.R. Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 51 (1st Cir. 1981)); *see also generally McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) ("The purpose of the rule is primarily to prevent voluntary dismissal which unfairly affects the other side, and to permit the imposition of curative conditions.").

"Among the factors that courts in this circuit have considered in assessing whether to award a defendant fees and costs under Rule 41(a)(2) are

> (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation, see *Wallace* [*v. Pittsburgh Steel Corp.*, 2007 U.S. Dist. LEXIS 44744, *10-11 (S.D. Ohio June 20, 2007)];
>
> (2) whether the defendant incurred substantial expenses in defending the action, including as a result of the advanced stage of the proceedings or the nature of the litigation, *see, e.g., Luckey* [*v. Butler Cty.*, 2006 WL 91592, *3 (S.D. Ohio Jan. 13, 2006)];
>
> (3) whether the plaintiff delayed in bringing the motion to dismiss, *see, e.g., Vaughn v. Alternative Design Mfg. & Supply*, No. 06-456, 2007 U.S. Dist. LEXIS 3361, *15-16 (E.D. Ky. Jan. 24, 2007); and

---

(6th Cir. 1949) (where plaintiff sought to voluntarily dismiss his complaint against two defendants long after those defendants had filed an answer, and he clearly lacked meritorious claims against those defendants, he would be required to reimburse them for the costs imposed by his suit). The court here intimates no opinion as to the merits of Yetman's claims against CSX.

(4) whether the work performed can be used in a subsequently filed action, *see, e.g., id.*

*Dowling v. Select Portfolio Servicing, Inc.*, 2007 WL 2815567, *4 (S.D. Ohio Sept. 25, 2007) (Algenon Marbley, J.) (¶ breaks added).  There is no suggestion that Yetman acted in bad faith in bringing this action, in filing his non-compliant first motion for voluntary dismissal, or in filing his renewed motion for voluntary dismissal.  Nor is there any reason to believe that Yetman has unreasonably delayed in seeking to dismiss this action.  This case has moved at a customary pace, and proceedings have been minimal so far; there is no evidence that CSX has incurred particularly onerous litigation expenses.

**Accordingly, the court will grant Yetman the voluntary dismissal that he seeks without requiring to pay CSX's costs at this time.**  This is because "the conditions imposed" on a 41(a)(2) dismissal, "if any, should only include what is necessary to eliminate the harm done to the defendant."  *Greyhound Lines, Inc. v. Younan Props., Inc.*, 2008 WL 2340219, *3 (N.D. Tex. June 9, 2008) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 605 (5th Cir. 1976)).  *See, e.g., Carolina Cas. Ins. Co. v. Bogin, Munns & Munns, P.A.*, 2008 WL 2439812, *3 (M.D. Fla. June 13, 2008) ("This case has been pending for approximately six months .  No discovery has taken place and no dispositive motions have been filed.  * * *  Defendants have also filed to offer any evidence or argument of Plaintiff's bad faith in moving for a voluntary dismissal. * * *  This is not a case in which the Plaintiff has moved to dismiss on the eve of trial after the opposing party has spent considerable resources defending the case.  * * *  Thus, the equities in this case weigh in favor of requiring all parties to bear their own costs and attorneys' fees.") (footnote 2 omitted);

**But Yetman cannot with impunity wait for CSX to begin defending this action, abandon the action, and later put CSX to the expense of a *second* action on the same causes of action.**

Accordingly, the court will exercise its discretion under FED. R. CIV. P. 41(d), which provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:  (1) may order the plaintiff to pay all or part of the costs of the previous action; and (2) may stay the proceedings until the plaintiff has complied."

Namely, the court will prohibit Yetman from again suing CSX on these same claims without first paying CSX the reasonable attorneys' fees and costs it has incurred in the instant case.  *See, e.g., Ryerson & Haynes v. American Forging & Socket Co.*, 2 F.R.D. 343 (E.D. Mich. 1942) (Lederle, J.) (where plaintiff at a pre-trial hearing requested dismissal of action without prejudice after defendant had filed an answer, the court granted plaintiff's motion "provided that prior to the institution of another suit upon the cause of action here involved[,] plaintiff pays to defendant all of its taxable costs and all expenses incurred by said defendant in preparation for this case, said costs and expenses to be determined by the court prior to the time such second suit is commenced"); *accord Wright v. Standard Ins. Co.*, 2008 WL 5070228 (M.D. Fla. Nov. 24, 2008) (Virginia Hernandez-Covington, J.) (granting plaintiff's post-answer Rule 41(a)(2) motion for dismissal-without-prejudice, court stated, "The court declines to award attorneys fees . . . .  This Court does, however, find it appropriate to condition the dismissal of this suit upon the payment of Standard's reasonable attorney's fees and costs *should Wright re-file her claim* against Standard.") (emphasis added); *Watson v. Alabama Bd. of Pardons & Paroles*, 2008 WL 2939520, *4 (M.D. Ala. July 25, 2008) ("[T]he court will instead impose as a condition, in accordance with Rule 54(d), that Watson pay all costs of this dismissed action *if she 'files an action based on or including the same claim against the same defendants.'*") (emphasis added); *Heitert v. Mentor Corp.*, 2007 WL 4051644 (E.D.

Mo. Nov. 15, 2007).

This middle course[2] is equitable because it adequately protects the rights and interests of both parties. *See Martin v. City of Daytona Beach*, 2008 WL 4938347, *1 (M.D. Fla. Nov. 18, 2008) (Gregory Presnell, J.) ("In exercising this 'broad equitable discretion under Rule 41(a)(2)', . . . the Court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.") (quoting *McCants*, 781 F.2d at 856). Yetman need not pay any of CSX's costs or attorney fees unless he sues CSX again on these claims. Nothing in the record suggests that such a limited fee award would unduly burden Yetman or excessively deter him from re-filing; for example, he is not proceeding *in forma pauperis* or *pro se. Contrast Eaker v. Miller*, 2008 WL 4820361, *3 n.6 (M.D.N.C. Sept. 15, 2008) ("Courts sometimes condition Rule 41(a)(2) dismissal upon payment of costs (including attorneys' fees) to the defendants who are being dismissed. Such a condition would be futile here since plaintiff is proceeding *in forma pauperis*.") (internal citations omitted).

**Finally, the dismissal will be without prejudice.** As the Eleventh Circuit has explained,

---

[2]

The most lenient of the three options would be to let Yetman abandon his complaint, notwithstanding CSX's filing of an answer, without imposing *any* conditions on his right to bring a repeat suit. *See, e.g., King v. St. Lawrence*, 2008 WL 4559384, *1 and n.2 (S.D. Ga. Oct. 10, 2008) (William Moore, Jr., C.J.) ("[T[he Court declines to impose any costs on plaintiff should he choose to refile this lawsuit. Due to the early stage of this case, Defendants have not yet been subjected to the expense of discovery. Also, Defendants . . . have filed less [sic] than twenty pages of substantive briefs with this Court. The Court also notes that, should Plaintiff choose to refile, it is likely that his legal arguments will be the same . . . . Therefore, it is unlikely that Defendants will incur additional legal expenses to any great degree.").

Such an action would insufficiently protect the defendant's rights, imposing no consequence on the plaintiff if he chose to subject his adversary to suit a second time on claims he could have litigated now. That would upset CSX's reasonable expectation that, as a matter of equity, it will be hailed into court and suffer legal expenses *only once* for each controversy.

-7-

> A court may dismiss a case with prejudice based on either FED. R. CIV. P. 41(b), or the court's inherent power to manage its docket . . . . Under both of these authorities a dismissal with prejudice is an extreme sanction that may be properly imposed *only* when:  (1) a party engaged in a clear pattern of delay or willful contempt (contumacious conduct) and (2) the district court specifically finds that lesser sanctions would not suffice.

*Dinardo v. Palm Beach Cty.*, 199 F. App'x 731 (11th Cir. 2006) (emphasis in original).  There is no such pattern of delay or contempt here, so Yetman should not pay the price of with-prejudice dismissal.  *See, e.g., Nesbitt v. Holmes Cty. Comm'rs*, 2007 WL 2900229, *2 (N.D. Fla. Oct. 2, 2007) (although action had been pending for about 22 months and defendant alleged that it had "placed a considerable burden . . . in terms of financial and human resources", court declined to make dismissal with-prejudice) ("Defendants . . . state no reasons for requesting dismissal with prejudice. * * *  Although the court deems plaintiff's explanation for his need to take dismissal inadequate, it finds that there has been no excessive delay or lack of diligence on plaintiff's part in prosecuting or in filing his motion to dismiss.").

## ORDER

No later than Wednesday, January 21, 2009, the plaintiff **MAY** withdraw his motion for voluntary dismissal of his complaint (thereby avoiding the payment-upon-refiling condition).[3]

**If the plaintiff does not withdraw his motion, the following will occur on Thursday, January 22, 2009:**

- Plaintiff's 2nd motion to voluntarily dismiss his complaint [doc. #17] will be GRANTED.

---

[3]

*See Kienitz v. Met Life Ins. Co.*, 131 F.R.D. 106, 107 (E.D. Mich. 1990) ("Following imposition of any conditions, plaintiffs are thereafter afforded an opportunity to withdraw the request for voluntary dismissal.") (citing *Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929 (9th Cir. 1986)).

• The complaint will be DISMISSED without prejudice[4] subject to the following condition:

– As a condition of instituting another suit – in *any* court – against defendant upon the causes of action herein, the plaintiff will first be required to reimburse defendant for the reasonable attorneys' fees and costs which defendant incurred in this action.

– The plaintiff will also be required to pay interest on those fees and costs from the date of this judgment through the date of the filing of the complaint that institutes such new suit.  The interest rate will be determined under Michigan law.

– Said fees, costs, and interest will be determined by the court in which Yetman seeks to institute such a new suit, at that time that new suit is commenced;

– The case will be terminated and closed.[5]

**This case remains open.**  This is not a final order.

**IT IS SO ORDERED this 6th day of January 2009.**

_____

[4]

Dismissal *without* prejudice is "the default outcome for grants of Rule 41(a)(2) motions." *Luckey v. Butler Cty.*, 2006 WL 91592, *3 (S.D. Ohio Jan. 13, 2006) (citing *US v. One Tract of Real Property*, 95 F.3d 422, 425 (6th Cir. 1996)).

[5]

The Southern District of Georgia outlines this sensible procedure when a party re-files a voluntarily-dismissed claim:

[T]he Court automatically stay[s] the case upon service of the Complaint upon [the defendant] (thus, [the defendant] does not then have to file an Answer), because the Court equate[s] proof of service as a motion to dismiss for failure to pay the [prior action] costs – unless in the meantime plaintiff paid them.

*Parrish v. Ford Motor Co.*, 2008 WL 2944645, *1 (S.D. Ga. May 21, 2008), *vac'd & remanded o.g.*, 2008 WL 4809220 (11th Cir. Oct. 31, 2008).

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge